EDWARD TUCKER *versus* THOMAS K. LANE.

A barrel of flour purchased by the debtor, and manufactured from grain of which he had never been the owner, is not exempted from attachment by Rev. Stat. c. 114, § 38.

TRESPASS for taking and carrying away a barrel of flour. On May 23, 1843, the plaintiff purchased of A. Chase, and paid therefor, a barrel of Baltimore flour, manufactured from grain which had never belonged to the plaintiff. At this time the plaintiff was indebted to Chase for a barrel of flour, previously purchased and carried away, and not paid for. Chase procured a writ against Tucker on this demand, and gave it to

the defendant, a deputy sheriff, who attached thereon the barrel of flour last purchased. At the time of the attachment the plaintiff had a family, and no breadstuff in his house.

It was agreed, that the Court might render such judgment as the law required, and order a nonsuit or default.

*M. Emery*, for the plaintiff.

*Fairfield & Haines*, for the defendant.

BY THE COURT. — The flour was purchased by the plaintiff in its manufactured state, and he was never the owner of the grain from which it was made, prior to its being changed from grain into flour. The flour in question was not exempted from attachment either by the letter or by the spirit of the Rev. Stat. c. 114, § 38.

*The plaintiff must become nonsuit.*